UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN CURTIS BAILEY**,

      Plaintiff,

      v.                                                                                 **CIV NO. 02-1626 DJS/RLP**

**ALBUQUERQUE PUBLIC SCHOOLS SYSTEM**,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before this Court on Defendant Albuquerque Public School System's Motion for Summary Judgment filed December 15, 2003 (Docket No. 22). Briefing was completed on that motion as of January 29, 2004, with the filing of the Notice of Completion of Briefing (Docket No. 27). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. The instant action is a suit pursuant to Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. §2000(e), *et seq.*. As set forth in his First Amended Complaint, Plaintiff contends that he was subject to discrimination on the basis of his race. In addition, Plaintiff asserts that he has been subjected to a wrongful failure to promote and retaliation, also on the basis of race.

      **FACTUAL BACKGROUND**

      In his complaint, Plaintiff alleges that he was an employee of Defendant Albuquerque Public School Systems ("APS") from 1983 through April, 2001. Plaintiff is an African-American male who

worked for Defendant as a substitute teacher, teacher, administrative intern, acting assistant principal, special education teacher, and schools-to-careers coordinator. In June, 2000, Plaintiff filed a grievance with the Albuquerque Teacher's Federation alleging that he had been subject to an arbitrary change in teaching assignment without consultation, in violation of the collective bargaining agreement. Plaintiff contends that Valley High School Assistant Principal Barry Glass had stated during the 2000-2001 school year that Plaintiff would continue work in the Schools-To-Careers program but Plaintiff learned that the school had placed another person in that position. Plaintiff was returned to the Schools-to-Careers position as a result of his grievance. The principal of Valley High School asked Plaintiff to take another position at the school in lieu of the Schools-to-Careers position, but Plaintiff refused. Plaintiff contends that upon his return to the position he was denied office and classroom space previously designated for the Schools-to-Careers program and that he was denied computer use vital to it, as well as access to resources traditionally associated with the program.

Plaintiff's claims also rest upon two instances of failure to promote. Plaintiff applied for the position of principal of Lowell Elementary School in the summer of 2000; however, he was not given an interview for the position and did not receive it. He also applied for the position of Assistant Principal at Valley High School in August, 2000, but did not receive that position, either. Plaintiff submitted his written resignation on January 23, 2001.

**STANDARD OF LAW**

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility,

the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); Matsushita Elec., 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir.1996).

**MERITS**

This case presents an instance of allegations of circumstantial, rather than direct, evidence of discrimination and retaliation. Federal Courts use the burden shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), to evaluate whether a plaintiff demonstrated circumstantial discriminatory intent as to Title VII claims. See Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1533 (10th Cir.1995). First, Plaintiff must establish a *prima facie* case of discrimination. Id. To do so, he must show that he (1) "belongs to a protected class;" (2) "was qualified and satisfactorily performing his job;" and (3) "was terminated under circumstances giving rise to an inference of discrimination." Martin v. Nannie & Newborns, Inc., 3 F.3d 1410, 1417 (10th Cir.1993). Establishing a prima facie case effectively creates a presumption of unlawful discrimination by an employer against an employee. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). If Plaintiff makes this showing, the burden shifts to Defendant to articulate a legitimate and nondiscriminatory reason for the challenged employment action. McDonnell Douglas, 411 U.S. at 802. If Defendant

meets this burden, the burden shifts back to Plaintiff to show that the proffered reason was pretextual. Id. at 804. The ultimate burden of proving discrimination always remains with the plaintiff, and the McDonnell Douglas "burden shifting analysis need not be strictly applied.". Murray v. City of Sapulpa, 45 F.3d 1417, 1421 n. 2 (10th Cir.1995).

For the purpose of the motion at issue herein, Defendant assumes that Plaintiff has established a *prima facie* case of discrimination. Once a *prima facie* case is established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its decision. See Jones v. Denver Post Corp., 203 F.3d 748, 752 (10th Cir.2000). Plaintiff then has the ultimate burden of showing that defendants' reason is "a pretext for unlawful discrimination." Id. at 752-53.

Defendant contends that it has legitimate, nondiscriminatory reasons for each of the actions alleged in Plaintiff's complaint. With regard to Plaintiff's claim that he was denied office and classroom space previously allocated to the teaching position he held in the 2000-2001 school year, Defendant asserts that the position held by Plaintiff was not the same as the position which existed in previous years and that facilities had to be shared due to limited space. Defendant asserts that the "Schools-to-careers" program at Valley High School differed from the program offered in previous years, which was entitled "Industrial Cooperative Training". Plaintiff challenges those assertions, referring to his own affidavit and contradictory testimony by various of Defendant's witnesses.

Regardless of whether the change in office and classroom space and the lack of computer resources was occasioned by a change in programs, it did not constitute a change in employment which implicates Title VII. The Tenth Circuit Court of Appeals "liberally define[s] adverse employment action." Stinnett v. Safeway, Inc., 337 F.3d 1213, 1217 (10th Cir. 2003) (internal quotation marks omitted). "Such actions are not simply limited to monetary losses in the form of

wages or benefits." Id. (internal quotation marks omitted). Federal courts consider whether a particular action was adverse on "a case-by-case [basis], examining the unique factors relevant to the situation at hand." Id. (internal quotation marks omitted). Nonetheless, "[t]o be an adverse action, the employer's conduct must be materially adverse to the employee's job status." Wells v. Colorado Dept. of Transportation, 325 F.3d 1205, 1213 (10th Cir. 2003) (internal quotation marks omitted). It must "constitute[] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Stinnett, 337 F.3d at 1217 (internal quotation marks omitted). "Actions presenting nothing beyond a mere inconvenience or alteration of responsibilities, however, do not constitute adverse employment action." Id. (internal quotation marks omitted). In this case, Plaintiff's allegations that he did not receive the same classroom and office space provided to another teacher conducting a similar program the previous year does not rise to the level of an adverse employment action, as they do not involve different responsibilities or a change in benefits. Further, Plaintiff's claim that he was required to share a classroom ignores the fact that the inconvenience resulting from that situation was also imposed upon a female teacher whom he does not allege shares his racial background. Plaintiff fails to allege facts constituting an adverse employment action in his claims based upon the resources allocated to the Schools-to-Careers program. See, e.g., Heno v. Sprint/United Mgmt. Co., 208 F.3d 847, 851, 857 (10th Cir. 2000) (employer's relocating senior sales representative's desk, while she was away from the office on sick leave and short-term disability, did not rise to the level of an adverse employment action). Consequently, his claims of discrimination and retaliation based upon those facts fail. See Gunnell v. Utah Valley State College, 152 F.3d 1253, 1265 (10th Cir. 1998) (Common work-day tribulations are not actionable, as Title VII is not a "civility

code."); see also  EEOC v. Flasher Co. Inc., 986 F.2d 1312, 1319 (10th Cir.1992) ('Title VII does not make unexplained differences in treatment *per se* illegal nor does it make inconsistent or irrational employment practices illegal.").

Plaintiff's next allegation regarding discrimination is that he was denied promotion to the principal position of Lowell Elementary School and to an assistant principal position at Valley High School due to his race.  To establish a prima facie case of failure to promote, Plaintiff must show (1) membership in a minority group; (2) qualification for the promotion; (3) his nonpromotion;  and (4) continued vacancy of the position or promotion of a nonminority to the position. See Reynolds v. Sch. Dist. No. 1, 69 F.3d 1523, 1534 (10th Cir.1995);  see also Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226-29 (10th Cir.2000) (explaining that under the McDonnell Douglas criteria, a plaintiff need not show that a person hired to fill position was outside the protected class). If Plaintiff carries his burden of establishing a *prima facie* case, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its action. Garrett v. Hewlett-Packard Co., 305 F.3d 1210, 1216 (10th Cir.2002). This shifts the burden back to the plaintiff to proffer evidence that the employer's reason is pretextual. Id. At the second stage, Defendant is required only to "explain its actions against the plaintiff in terms that are not facially prohibited by Title VII." EEOC v. Flasher Co., Inc., 986 F.2d 1312, 1317 (10th Cir.1992).

With regard to the Lowell Elementary position, Defendant states that Plaintiff was one of sixteen applicants who met the minimum requirements for the position. The committee in charge of filling the position ranked each of those applicants according to the materials submitted by the applicants, resulting in scores ranging from 123 to 77 points. Plaintiff has the lowest score. The individuals with the nine highest scores were interviewed. Defendant, therefore, has articulated a

legitimate, nondiscriminatory reason for failing to promote Plaintiff to the Lowell Elementary position.

With regard to the Valley High School Assistant Principal position, Plaintiff was one of fourteen applicants. The selection committee scored the materials Plaintiff submitted as fifth among the applicants and the top eight applicants, including Plaintiff, were interviewed. Of the eight individuals interviewed for the position, the committee scored Plaintiff the lowest on the interviews. According to one committee member, Plaintiff frequently provided monosyllabic answers to questions where other applicants expanded upon their experience or views. Once again, Defendant has demonstrated a legitimate and non-discriminatory basis for its decision not to promote Plaintiff.

In light of this showing, the burden falls on Plaintiff to counter with specific facts showing that Defendant's reasons for its decisions were unworthy of credence or racially motivated in some way. See Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1317 (10th Cir.1999). This showing must be made by reference to affidavits, deposition transcripts, or specific exhibits. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir.1998). Plaintiff has not met that burden with regard to either promotion claim. "When an employer contends that a [Title VII] plaintiff was not as qualified as the successful candidates, pretext can be inferred from evidence that a plaintiff was in fact more qualified than those chosen." Martinez v. Wyoming, Dep't of Family Servs., 218 F.3d 1133, 1139 (10th Cir.2000) (citing Rea v.. Martin Marietta Corp., 29 F.3d 1450, 1457 (10th Cir.1994)); see also Durham v. Xerox Corp., 18 F.3d 836, 839 (10th Cir.1994) ("[P]roof that [plaintiff] was more qualified would disprove [the employer's] only explanation for its actions, that [plaintiff] was less qualified than the successful candidates."). In response to the motion for summary judgment, Plaintiff has not shown that he was more qualified than the candidates selected for either the Lowell

7

Elementary or the Valley High School positions.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is granted and this matter is hereby dismissed with prejudice.

						_____
						**DON J. SVET
						UNITED STATES MAGISTRATE JUDGE**